CHARLES BARRY, PLAINTIFF, v. BORDEN'S FARM PRO-
DUCTS COMPANY, A CORPORATION, DEFENDANT.

Decided July 10, 1924.

Negligence—Motor Vehicle Collision—Alleged Excessive Dam-
ages—Case to Court of Errors and Appeals in March—
Application Based on Affidavit of Physician Regarding Im-
provement of Defendant.

On application for a rule to show cause.

Before Justices KALISCH, BLACK and CAMPBELL.

For the application, *Heine, Bradner & Laird*.

*Contra, Newton N. Crane.*

PER CURIAM.

The defendant was sued by the plaintiff in this court for
the recovery of damages sustained by him in a collision, the
result of negligence on part of the defendant's servant.

The case was ·tried at the Middlesex Circuit in the month
of May, 1923, before Judge Daly and a jury, and, after a trial
lasting three days, resulted in a verdict of $25,000 for the
plaintiff. An application was made by defendant to the trial
judge for a rule to show cause on the ground that the. dam-
ages awarded were excessive. This application was denied.
Thereupon an appeal was taken to the Court of Errors and
Appeals, based upon two exceptions taken at the trial, to
wit—1. To the refusal of the trial judge to grant a nonsuit;
·2. Refusal to direct a verdict for defendant.

. The case was brought on for argument in the Court of
Errors and Appeals on March 24th, 1924, and was decided
by that tribunal on May 19th, 1924, the court unanimously
affirming the judment of the court below. There was an ap-
plication made for a rehearing there which was denied. Mr.
Justice Trenchard, in a very careful and lucid opinion, makes

it plain that the question of whether or not the taxicab which the plaintiff drove was lighted was one of the questions in dispute for the jury to determine, besides other questions of fact which bore, more or less, upon the alleged contributory negligence of the plaintiff, all of which questions were decided adversely to defendant's contention by the jury. See 2 *N. J. Adv. R.* 914.

The present application was first made to Mr. Justice Kalisch on the 28th of June, 1924. There had been a previous application to the justice by defendant's counsel after the judgment was affirmed by the Court of Errors and Appeals, which application was based solely upon the affidavit of a physician, that the plaintiff had submitted to a second operation and was such improved physically thereby. This application was informally denied.

On the present application additional affidavits were produced before us which seek to retry the issues which were before the jury, upon the plea of newly-discovered evidence.

We find no merit in the application. There must be, at some stage, a finality to legal proceedings. A judgment regularly obtained bespeaks finality. The fact that the plaintiff made a better recovery than was anticipated, in the opinion of the physicians at the trial, is not a good legal ground for the granting of a new trial. To adopt any such theory would lead to a chaotic condition in the administration of the law. Litigation would never end. If a defendant, against whom a judgment has been obtained, may come into court and ask for a new trial, because the plaintiff has improved in physical condition contrary to the expectations and opinions of the physicians given at the trial, there would equally be no good reason to prevent a plaintiff, who had received a small verdict, because of the optimism of physicians as to prospects of his speedy recovery, from applying to the court, in the event of his becoming worse for a retrial. The absurdity of the proposition is too plain for further comment, except to say that in this class of cases it is left to the good sense of a jury to make an award which will compensate the

plaintiff for his suffering, past and future, and for his impaired physical condition. If a jury goes beyond this, and it is clear that it has been swayed by mistake, passion, prejudice or partiality, a court will interfere. The instant case does not fall within that class.

For the defendant it is argued that there is newly-discovered evidence which tends to show that the cab was not lighted on that evening, and that the lighting apparatus was out of order.

From reading of the affidavits we are satisfied that the alleged new testimony relied on is, not only cumulative, but that by the exercise of due diligence the defendant could have procured such testimony at the time of the trial, or, at least, within a reasonable time after the trial. We are not satisfied from the affidavits presented that proper care and diligence was used by the defendant to obtain the presence of those persons who could testify as to the condition of the plaintiff's cab near the time of the collision. It is a situation to be frowned upon and not to be tolerated under any circumstance, that one may sit meekly by and shut his eyes and stop his ears to the merits of a controversy and experiment with tenuous objections during the progress of the cause, and when defeated cause delay by an appeal to a higher tribunal, and if defeated again then turn his attention to seek facts affecting the merits of the case. The accident happened on January 22d, 1922, so that at the time of the trial the defendant had had more than a year and four months to gather information concerning the accident, the character of the alleged newly-discovered evidence indicates a want of the exercise of proper care and diligence to obtain it.

For the reasons given the application for a rule to show cause is denied.